# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JOSEPH MILLER, # 12481-424 | * | |
| Petitioner | * | |
| v | * | Civil Action No. DKC-10-565 |
| | * | |
| WARDEN | | |
| | * | |
| Respondent | | |

\*\*\*

# MEMORANDUM OPINION

Pending is Joseph Miller's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, challenging a decision by the Bureau of Prisons (BOP) to place him in a Residential Re-Entry Center for seven months instead of twelve months. Counsel for Respondent has filed a Motion to Dismiss or Alternatively a Motion for Summary Judgment. Miller filed a reply and counsel responded to the reply. Respondent's Motion shall be reviewed as one for summary judgment. After review of the pleadings, record, and applicable law, the court determines that a hearing is not necessary. *See* Local Rule 105.6 (Md. 2010). Summary judgment shall be entered in favor of Respondents, and the Petition shall be denied.[1]

## BACKGROUND

Miller, who is proceeding in this matter pro se, is an inmate at the Federal Correctional Institution in Cumberland, Maryland, where he is serving a 102 month sentence for bank robbery. His projected release date is June 24, 2011. In the instant Petition, Miller challenges the BOP's decision to recommend him to a Residential Re-Entry Center (RRC) for seven months rather than the twelve months that is permitted by statute. As relief, he asks the court to order

---

[1] Accordingly, Miller's Motion for Discovery (Paper No. 4) shall be dismissed as moot. *See* Local Rule Rule 104.4 (D. Md. 2010) (indicating discovery does not begin until a scheduling order is entered unless otherwise ordered by the court or agreed to by the parties).

the BOP to recommend him for twelve months of RRC placement.

## STANDARD OF REVIEW

Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). Rule 56(c) mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255(1986). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id*. at 248.

The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. *See* Fed.R.Civ.P. 56(e). Further, complaint filed by a pro se litigant are liberally construed to allow the development of a potentially meritorious case. *See Cruz v. Beto*, 405 U.S. 319 (1972).

## ANALYSIS

The Second Chance Act of 2007 permits eligible inmates to spend some portion of the final twelve months of their sentence in a community correctional facility, also known as a halfway

house or residential reentry center. The statute provides in relevant part:

> (1) In general. The Director of the Bureau of Prisons shall, *to the extent practicable*, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community. Such conditions *may* include a community correctional facility.

18 U.S.C. § 3624(c) (emphasis added).

The statute does not guarantee an inmate a one-year RRC placement for any portion of his or her sentence, but only directs the Bureau of Prisons to consider placing an inmate in a RRC for up to the final twelve months of sentence. *See Demis v. Sniezek*, 558 F.3d 508, 514 (6th Cir. 2009). The plain language of the statute makes clear that placement in an RRC is discretionary and not mandatory. The statute is also clear that the twelve-month RRC placement is a maximum, not a mandatory term.[2]

To determine the appropriate length and place of pre-release custody, the BOP is required to consider placement "on an individual basis" and "in a manner consistent with [18 U.S.C. § 3621(b)]," which sets forth five factors that the BOP must consider in determining a prisoner's place of imprisonment. *See* 18 U.S.C. § 3624(c)(6)(A) & (B); 28 C.F.R. § 570.22. The factors are: (1) the resources of the facility contemplated; (2) the nature and circumstances of the offense; (3) the history and characteristics of the prisoner; (4) any statement by the court that imposed the sentence; and (5) any pertinent policy statement issued by the Sentencing Commission. *See* 18 U.S.C. § 3621(b).

Review of the verified exhibits provided by Respondent show that Miller received

---

[2] Two other members of this bench have also noted the twelve month period is a statutory maximum. *See Wright v. Warden, FCI- Cumberland*, 2010 WL 1258181 *2 (D. Md. 2010); *Willis v. Warden*, 2010 WL 1137570 * 2 (D. Md 2010).

individualized assessment for RRC placement using the factors enumerated at 18 U.S.C. § 3621. The record shows that Miller's RRC placement BOP staff determined Miller's RRC placement after assessing various aspects of his education, work history, family ties, and communication skills. Paper No. 6, Exhibit 1, Affidavit of Scott Greaser, Case Manager; Exhibit 1, Attachments A and B. While Miller might disagree with the BOP's recommendation, there is neither a factual nor legal basis to warrant relief from the BOP's discretionary determination.[3]

## CONCLUSION

The court determines that no genuine issue as to any material fact is presented and Respondent is entitled to a judgment as a matter of law. Summary judgment shall be entered in favor of Respondent and habeas corpus relief shall be denied by separate order.[4]

Date: September 23, 2010        /s/
                                DEBORAH K. CHASANOW
                                United States District Judge

---

[3] An inmate has no constitutional right to be confined to a particular institution, *Meachum v. Fano*, 427 U.S. 215, 223 (1976), nor any "justifiable expectation" that he will be confined in a particular prison. *Olim v. Waukinekona*, 461 U.S. 238 (1983). Miller identifies no protected liberty interest in being placed in an RRC prior to his release, and the decision whether to make such placement is a matter of prison management within the knowledge and expertise of BOP officials, thus, this court cannot intervene unless a clear constitutional violation has occurred.

[4] Respondent also asserts Miller has failed to fully exhaust available administrative remedies. Paper No. 6, Exhibit 2. Although § 2241 does not contain a statutory exhaustion requirement, courts have consistently required petitioners to exhaust administrative remedies prior to petitioning for a writ of habeas corpus. Exhaustion allows the appropriate agency to develop a factual record and apply its expertise, which can facilitate judicial review. *See McCarthy v. Madigan*, 503 U.S. 140, 144-145, (1992); *Moscato v. Federal Bureau of Prisons*, 98 F.3d 757, 761-62 (3rd Cir.1996). To the extent Miller has yet to fully exhaust administrative remedies, the Petition is dismissible on this basis.